**In re Marcus LeRoy SIEWERT, petitioner, Appellant,**

**v.**

**Janet Marie SIEWERT, Respondent.**

**No. A04–702.**

Court of Appeals of Minnesota.

Feb. 8, 2005.

Jill I. Frieders, O'Brien & Wolf, LLP, Rochester, MN, for appellant.

Steven C. Youngquist, Youngquist Law Office, Rochester, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; WILLIS, Judge; and HUDSON, Judge.

## OPINION

WILLIS, Judge.

Appellant challenges the district court's interpretation and application of the antenuptial agreement executed by him and respondent. Respondent, by notice of re-

view, challenges both the district court's determination that the antenuptial agreement was valid and its application of the agreement to certain properties awarded to appellant as nonmarital property. Because the district court erred by determining that the antenuptial agreement was valid and enforceable, we reverse and remand.

## FACTS

Appellant Marcus LeRoy Siewert and respondent Janet Marie Siewert, now known as Janet Holst (Holst), were married on July 16, 1982. Four days before they were married, the parties signed an antenuptial agreement, which was also signed and notarized by the lawyer who drafted the agreement. No other witnesses signed the agreement.

Siewert filed a petition on April 12, 2001, for dissolution of the marriage. Holst challenged the enforceability of the antenuptial agreement, and in July and August 2002, the parties appeared before the district court for an evidentiary hearing to determine that issue. In November 2002, the district court determined that the antenuptial agreement was a valid and legally binding contract. A dissolution trial was held in the spring of 2003 before a second district court judge, and judgment was filed on September 16, 2003. Siewert moved for a new trial or, in the alternative, for amended findings and conclusions of law. The district court filed an amended judgment in March 2004. The district court divided the parties' property in accordance with its reading of the antenuptial agreement. This appeal follows.

## ISSUE

Did the district court err by determining that the antenuptial agreement at issue was valid and enforceable?

## ANALYSIS

■ Holst claims that the antenuptial agreement here is invalid because it was not executed in accordance with statutory requirements. Siewert argues that because Holst's notice of review only identifies the orders for judgment entered on September 16, 2003, and on March 9, 2004, she failed to preserve for appeal the issue of the validity of the antenuptial agreement; therefore, Siewert argues, this court does not have jurisdiction to review the November 2002 order.

Minnesota appellate courts may review "any order affecting the order from which the appeal is taken and on appeal from a judgment may review any order involving the merits or affecting the judgment." Minn. R. Civ.App. P. 103.04. They may also "review any other matter as the interest of justice may require." *Id.*

"A respondent may obtain review of a judgment or order entered in the same action which may adversely affect respondent by filing a notice of review with the clerk of the appellate courts. The notice of review shall specify the judgment or order to be reviewed...." *Id.*, 106. Here, Holst filed a notice of review specifying the September 2003 and March 2004 judgments for this court's review.

■ Nonappealable orders may be considered on appeal from a judgment if such orders involve the merits or affect the judgment. *Thuma v. Kroschel,* 506 N.W.2d 14, 19 (Minn.App.1993), *review denied* (Minn. Dec. 14, 1993). A district court's order in an evidentiary hearing is a nonappealable order. *See* Minn. R. Civ. App. P. 103.03 (listing appealable orders and not mentioning orders in evidentiary hearings). The November 2002 order resulting from the evidentiary hearing was therefore not appealable. The order determined that the antenuptial agreement

was a valid and legally binding contract and affected the judgment because the district court relied on the antenuptial agreement to determine what property of the parties was marital property. Consequently, this court may review whether the district court erred by concluding that the antenuptial agreement is valid and enforceable.

Holst argues that the antenuptial agreement is invalid and unenforceable because it was improperly executed and is both procedurally and substantively unfair. Whether an antenuptial agreement is valid is a question of law subject to de novo review. *Pollock–Halvarson v. McGuire*, 576 N.W.2d 451, 454 (Minn.App.1998), *review denied* (Minn. May 28, 1998). An antenuptial contract must be "in writing, executed in the presence of two witnesses and acknowledged by the parties, executing the same before any officer or person authorized to administer an oath under the laws of this state." Minn.Stat. § 519.11, subd. 2 (2002). Such an agreement is valid and enforceable if "(a) there is a full and fair disclosure of the earnings and property of each party, and (b) the parties have had an opportunity to consult with legal counsel of their own choice." *Id.*, subd. 1 (2002). The person challenging a duly acknowledged and attested antenuptial contract carries the burden of proof. *Id.*, subd. 5 (2002). The relevant statutory language is unchanged from the language that was in effect when the parties signed the antenuptial agreement. *See* Minn. Stat. § 519.11 (1980).

Holst argues that the antenuptial agreement is invalid and unenforceable because it was executed before only one witness and does not, therefore, comply with the statute. Siewert points to *Petty v. Reese*, No. C8–98–1576 (Minn.App. May 7, 1999), an unpublished decision of this court, to argue that the fact that there is only one

witness does not make an antenuptial agreement unenforceable. But not only is *Petty* nonprecedential, it is also inapposite. The antenuptial agreement at issue in *Petty* was executed in Nebraska, and "the parties reasonably relied on the appearance that Nebraska law required only one witness for proper execution of the agreement, since the standard form [the attorney] used to draft the agreement contained only one signature line for witnesses." *Id.* at *2.

Siewert also cites *Pollock–Halvarson* to argue that the absence of a witness is not fatal to the validity and enforceability of the antenuptial agreement here. In that case, this court determined that an antenuptial agreement was valid even though only the notary public and one other person witnessed the agreement and even though the notary public was not commissioned. *Pollock–Halvarson*, 576 N.W.2d at 457–58. The court determined that a notary can act as a witness and that the statute does not require two witnesses in addition to the notary. *Id.* And the court also found no reason to disturb the agreement when the parties acted in good faith and believed that the notary public was commissioned. *Id.*

The antenuptial agreement here was signed by the parties and one witness—the notary public. Siewert offers no explanation for the fact that the antenuptial agreement was not witnessed by two people. He does not allege, for example, that the parties believed in good faith that one witness satisfied the statutory requirement and that there was a reasonable basis for that belief. The district court determined that "[t]he absence of a second witness at execution time is of no impact in this matter," without further explanation or citation of any legal authority. Because two witnesses did not sign the antenuptial agreement here, on its face it does not

satisfy the plain requirement of Minn.Stat. § 519.11, subd. 2, and it is invalid and unenforceable.

Because of our conclusion that the antenuptial agreement is invalid and unenforceable, we do not reach whether the agreement was substantively or procedurally unfair.

## DECISION

Because the antenuptial agreement was not executed in accordance with statutory requirements, we find that the district court erred by holding that the antenuptial agreement is valid and enforceable. We therefore reverse and remand for a division of the parties' property in accordance with Minnesota law.

**Reversed and remanded.**